**MERAMEC VALLEY OWNERS' ASSOCIATION, INC.,
Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. 78811.**

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Michael R. Gibbons, Kirkwood, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for Respondent.

COVINGTON, Judge.

Meramec Valley Owner's Association, Inc. (the Association), appeals from a final decision of the Administrative Hearing Commission (AHC) finding the Association liable for sales tax on its collection of annual dues. The Director of Revenue determined that under section 144.020 [1], the Association was liable for sales tax on its collection of dues paid by the members of the Association from October 1, 1991, through September 30, 1994, plus interest. The AHC agreed. This Court holds that the dues paid by the Association's members are not subject to tax. The decision of the AHC is reversed.

International Villages of Missouri, Inc., owns one hundred two acres near Cuba, in Crawford County, known as Meramec Valley Camp–Resort. International developed the campground as a recreational vehicle park and campground. International established the Association to further and promote the welfare of its members and to operate, preserve, and maintain the campground for the pleasure and recreation of its members and others, according to the by-laws of the Association. Membership in the Association is not open to the public.

To become a member of the Association one must purchase a 1/1950th interest in real property described in the Fourth Amended Declaration of Restrictions of the Association. The member owns his or her interest in the property in Crawford County in fee simple absolute. The member may keep his or her interest, sell it, or transfer it by gift or devise. The term "member" is synonymous with the term "property owner."

Annual dues paid by the members constitute the source of revenue used to fund the operation of the Association. The operation of the Association includes, but is not limited to, maintaining campsites, main lodge, bas-ketball court, teen center, arcade, grill, tennis court, miniature golf course, horseshoes court, shuffleboard court, roads, playground, equipment, vehicles, machines, backhoes, deep water well, sewer treatment facility, pumping station, lake, comfort stations, shower facilities, three swimming pools, and pool houses. The dues also are used to pay for wages, utilities, insurance, taxes, landscaping, housing for the manager and maintenance chief, stocking the lake, and other items. The dues are used for the operation and maintenance of all recreational and non-recreational services and facilities.

Failure to pay the dues does not extinguish a member's interest in the land; failure to pay the dues merely prevents a member from using the facility.

Section 144.020 imposes a sales tax. Section 144.020.1 provides in pertinent part:

A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:

. . . .

(2) A tax equivalent to four percent of the amount paid for admission and seating accommodations, or fees paid to, or in any place of amusement, entertainment or recreation, games and athletic events.

Under the plain language of section 144.020.1(2), for the Association's annual dues to be subject to sales tax, two requirements must be satisfied: (1) the dues must constitute fees paid to, or in a place of amusement, entertainment, or recreation, and (2) the Association must be a "seller" engaged in "the business of . . . rendering a taxable service at retail in this state."

The Director argues that the Association is a place of amusement, entertainment or recreation within the meaning of section 144.020.1(2), because "pleasurable diversion

---

1. All Statutory references are to RSMo 1994, unless otherwise indicated.

or entertainment" comprise more than a de minimis portion of its business activities. The Director asserts that the dues of association members are a fee for the use of the campground and the recreational services and facilities. The Director adds that any member who fails to pay the fee is denied access to the campground and use of the recreational services and facilities. The Director argues that the Association is "in the business of rendering a taxable service at retail" within the meaning of section 144.020.1 because the Association collects dues with the object of gain, benefit or advantage, either direct or indirect to the Association. The Director explains that the Association, and its members, benefit from collecting dues because the dues allow for the maintenance of the campground and provide recreational services and facilities, which make the campground enjoyable and increase the market value of the members' property interest.

The Association does not join issue with the Director. Rather, the Association contends that its annual dues are not subject to tax because it is a homeowner's association under 12 CSR 10–3.176(15), which provides an exemption from tax for homeowners' associations under certain circumstances.

At the time of briefing and oral argument in this case, neither party had the benefit of the reasoning of *Old Warson Country Club v. Director of Revenue*, 933 S.W.2d 400 (Mo. banc 1996). Under the facts of the case, the country club did not pay sales tax on a special assessment for capital improvements that was paid by the club's members. *Id.* at 401. Any club member who did not pay the assessment would have been suspended from using club facilities. *Id.* at 402. On the country club's financial statements, the capital assessment was recorded as additions to "members' equity." *Id.*

The Director argued that the special assessment was subject to sales tax under section 144.020.1(2), reasoning that the members paid fees to a place of amusement when they paid the capital improvement assessment.

*Id.* at 403. This Court disagreed, finding that, at a minimum, the statute is ambiguous regarding whether charges that are paid not in exchange for goods or services are subject to sales tax. *Id.* This Court resolved the ambiguity in favor of the taxpayer, holding that fees that are paid to or in a place of amusement in exchange for something other than goods or services are not subject to sales tax. *Id.* at 403, 401. This Court reasoned that because Old Warson's equity members received an increase in equity in exchange for paying the assessment, the equity members did not merely receive a service of the club. *Id.* at 404. Thus, the special assessment paid by equity members was not subject to sales tax. *Id.*

*Old Warson* controls this case. Analogous to Old Warson Country Club members' equity interest, each Association member in the present case owns a 1/1950th interest in the Meramec Valley Camp–Resort in fee simple absolute. Under *Old Warson*, the payment of dues by a member of the Association for which the member receives something other than recreational service is not subject to sales tax. *Id.* at 401. The Director does not dispute that members of the Association receive something other than recreational services in exchange for the payment of dues, specifically maintenance of the campground, as well as an increase in the market value of the property. As was the case in *Old Warson*, it is inconsequential that Association members would have been precluded from using the recreational services and facilities had they not paid their dues. The annual dues collected by the Association are not subject to sales tax.

The decision of the AHC is reversed.

HOLSTEIN, C.J., PRICE, LIMBAUGH, ROBERTSON and WHITE, JJ., and GARRISON, Special Justice, concur.

BENTON, J., not sitting.